# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X
MICHAEL FIORE,

                      Plaintiff,

-against-

BEST BUY CO., INC., and
BEST BUY STORES, L.P.,

                      Defendants.
---------------------------------------------------------------X

Index No.: 608181/2022
Date Filed: 4/27/2022

Plaintiff designates
SUFFOLK COUNTY
as the place of trial

The basis of venue is
Place of Occurrence.

**SUMMONS**

The incident occurred at
261 Pond Path
South Setauket, NY 11720.

COUNTY OF SUFFOLK

To the above-named Defendant(s):

    You are hereby Summoned to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  Garden City, New York
         April 27, 2022

THE BONGIORNO LAW FIRM, PLLC

By: _____
JOHN N. MIRAS, ESQ.
*Attorneys for Plaintiff*
MICHAEL FIORE
1415 Kellum Place, Suite 205
Garden City, New York 11530
(516) 741-4170
<u>Our File No.: 7764</u>

<u>Defendants' addresses</u>:
**BEST BUY CO., INC.**
c/o New York Secretary of State

**BEST BUY STORES, L.P.**
c/o New York Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
MICHAEL FIORE,

                           Plaintiff,

      - against -

BEST BUY CO., INC., and
BEST BUY STORES, L.P.,

                           Defendants.
-------------------------------------------------------------------X

Index No.: 608181/2022

**VERIFIED**
**COMPLAINT**

Plaintiff, MICHAEL FIORE, by his attorneys, **THE BONGIORNO LAW FIRM, PLLC**, complaining of the defendants herein alleges as follows:

1. That at all times hereinafter mentioned, Plaintiff, MICHAEL FIORE, was and still is a resident of the County of Suffolk, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY CO., INC., was and still is a foreign business corporation licensed and/or authorized to conduct business within the State of New York, and to do business under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the Defendant, BEST BUY STORES, L.P., was and still is a foreign limited partnership licensed and/or authorized to conduct business within the State of New York, and to do business under and by virtue of the laws of the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT, BEST BUY CO., INC.**

4. Plaintiff MICHAEL FIORE, repeats, reiterates and realleges each and every allegation of this complaint with the same force and effect as if separately enumerated hereunder.

5. That at all times hereinafter mentioned, and on and prior to December 24, 2021, there existed and still exists a certain building and premises located at 261 Pond Path, South Setauket, NY 11720.

6. That at all times hereinafter mentioned, and on and prior to December 24, 2021, there existed a "Best Buy" electronics retail store located at 261 Pond Path, South Setauket, NY 11720 (hereinafter "the premises").

7. That at all times hereinafter mentioned, and on and prior to December 24, 2021, "Best Buy" was a business open to the general public.

8. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant was doing business as "Best Buy."

9. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, owned the aforementioned premises.

10. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, owned the aforementioned business.

11. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, occupied the aforementioned premises.

12. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, occupied the aforementioned business.

13. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the

defendant, BEST BUY CO., INC., its agents, servants, and/or employees, operated the aforementioned premises.

14. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, operated the aforementioned business.

15. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, managed the aforementioned premises.

16. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, managed the aforementioned business.

17. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, maintained the aforementioned premises.

18. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, maintained the aforementioned business.

19. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, controlled the aforementioned premises.

20. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, controlled the aforementioned business.

21. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, supervised the aforementioned premises.

22. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, supervised the aforementioned business.

23. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, was a lessor with respect to the aforementioned premises.

24. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, was a lessee with respect to the aforementioned premises.

25. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, was a tenant at the aforementioned premises.

26. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, was party to a lease agreement and/or agreements pertaining to said premises.

27. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, was obligated under said lease to maintain the aforementioned premises in a reasonably safe condition.

28. That at all times hereinafter mentioned, and on and prior to December 24, 2021, it was the duty and obligation of the defendant, BEST BUY CO., INC., its agents, servants, and/or

employees, to exercise reasonable care with respect to its ownership, operation, management, maintenance, control, supervision, occupancy, tenancy, and/or lease of the aforementioned premises.

29. That at all times hereinafter mentioned, and on and prior to December 24, 2021, it was the duty and obligation of the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, to keep and maintain the aforementioned premises and business location in a reasonably safe condition.

30. That on or about December 24, 2021, and prior thereto, there existed dangerous, unsafe, and defective conditions upon the aforementioned premises.

31. That the aforementioned conditions had existed for an unreasonable period of time prior to the date of the occurrence.

32. That at all times hereinafter mentioned, and prior and on December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, had notice of the aforementioned dangerous conditions.

33. That on and prior to December 24, 2021, the defendant, BEST BUY CO., INC., its agents, servants, and/or employees, created, failed to remedy, repair or inspect for the aforementioned dangerous conditions.

34. That on or about December 24, 2021, plaintiff, MICHAEL FIORE, was lawfully upon the aforesaid premises.

35. That on or about December 24, 2021, the plaintiff, MICHAEL FIORE, encountered said dangerous conditions.

36. That on or about December 24, 2021, the plaintiff, MICHAEL FIORE, was injured as a result of his encounter with the aforementioned dangerous conditions that existed then and for

a period of time prior, upon the aforesaid premises.

37. That the aforesaid dangerous conditions and the resulting injuries to the plaintiff herein were caused solely and wholly by reason of the negligence, carelessness and recklessness on the part of the defendant, BEST BUY CO., INC., its agents, servants, and/or employees as aforesaid, and without any negligence on the part of the plaintiff herein.

38. That solely by reason of the foregoing, plaintiff, MICHAEL FIORE, was severely injured and damaged, rendered sick, sore, lame and disabled.

39. That by reason of the foregoing, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, BEST BUY STORES, L.P.

40. Plaintiff MICHAEL FIORE, repeats, reiterates and realleges each and every allegation of this complaint with the same force and effect as if separately enumerated hereunder.

41. That at all times hereinafter mentioned, and on and prior to December 24, 2021, there existed and still exists a certain building and premises located at 261 Pond Path, South Setauket, NY 11720.

42. That at all times hereinafter mentioned, and on and prior to December 24, 2021, there existed a "Best Buy" electronics retail store located at 261 Pond Path, South Setauket, NY 11720 (hereinafter "the premises").

43. That at all times hereinafter mentioned, and on and prior to December 24, 2021, "Best Buy" was a business open to the general public.

44. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant was doing business as "Best Buy."

45. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the

defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>owned</u> the aforementioned premises.

46.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>owned</u> the aforementioned business.

47.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>occupied</u> the aforementioned premises.

48.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>occupied</u> the aforementioned business.

49.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>operated</u> the aforementioned premises.

50.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>operated</u> the aforementioned business.

51.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>managed</u> the aforementioned premises.

52.  That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>managed</u> the aforementioned business.

53. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>maintained</u> the aforementioned premises.

54. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>maintained</u> the aforementioned business.

55. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>controlled</u> the aforementioned premises.

56. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>controlled</u> the aforementioned business.

57. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>supervised</u> the aforementioned premises.

58. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>supervised</u> the aforementioned business.

59. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, was a <u>lessor</u> with respect to the aforementioned premises.

60. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, was a <u>lessee</u> with

respect to the aforementioned premises.

61. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, was a <u>tenant</u> at the aforementioned premises.

62. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>was party to a lease agreement and/or agreements pertaining</u> to said premises.

63. That at all times hereinafter mentioned, and on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, was obligated under said lease to maintain the aforementioned premises in a reasonably safe condition.

64. That at all times hereinafter mentioned, and on and prior to December 24, 2021, it was the duty and obligation of the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, to exercise reasonable care with respect to its ownership, operation, management, maintenance, control, supervision, occupancy, tenancy, and/or lease of the aforementioned premises.

65. That at all times hereinafter mentioned, and on and prior to December 24, 2021, it was the duty and obligation of the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, to keep and maintain the <u>aforementioned premises</u> and business location in a reasonably safe condition.

66. That on or about December 24, 2021, and prior thereto, there existed dangerous, unsafe, and defective conditions upon the aforementioned premises.

67. That the aforementioned conditions had existed for an unreasonable period of time prior to the date of the occurrence.

68. That at all times hereinafter mentioned, and prior and on December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, had <u>notice</u> of the aforementioned dangerous conditions.

69. That on and prior to December 24, 2021, the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees, <u>created</u>, failed to remedy, repair or inspect for the aforementioned dangerous conditions.

70. That on or about December 24, 2021, plaintiff, MICHAEL FIORE, was lawfully upon the aforesaid premises.

71. That on or about December 24, 2021, the plaintiff, MICHAEL FIORE, encountered said dangerous conditions.

72. That on or about December 24, 2021, the plaintiff, MICHAEL FIORE, was injured as a result of his encounter with the aforementioned dangerous conditions that existed then and for a period of time prior, upon the aforesaid premises.

73. That the aforesaid dangerous conditions and the resulting injuries to the plaintiff herein were caused solely and wholly by reason of the negligence, carelessness and recklessness on the part of the defendant, BEST BUY STORES, L.P., its agents, servants, and/or employees as aforesaid, and without any negligence on the part of the plaintiff herein.

74. That solely by reason of the foregoing, plaintiff, MICHAEL FIORE, was severely injured and damaged, rendered sick, sore, lame and disabled.

75. That by reason of the foregoing, the plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff demands judgment against the Defendants in all Causes of Action in amounts that exceed the jurisdictional limitations of all lower courts, together with the costs, interest, and disbursements of this action.

Dated: Garden City, New York
April 27, 2022

Yours, etc.
THE BONGIORNO LAW FIRM, PLLC

By: _____
JOHN N. MIRAS, ESQ.
*Attorneys for Plaintiff*
MICHAEL FIORE
1415 Kellum Place, Suite 205
Garden City, New York 11530
(516) 741-4170
**Our File No.: 7764**

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF NASSAU )

      I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that I am a member of **THE BONGIORNO LAW FIRM, PLLC**, representing the plaintiff herein and I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except as to the matters therein which are stated to be alleged on information and belief, and as to the matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

      Files and records in your affirmant's possession, as well as discussions with my client.

      The reason this verification is made by me and not by the plaintiff is because the plaintiff resides in a county other than where your affirmant maintains offices.

      I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City, New York
         April 27, 2022

                                                                            _____
                                                                             JOHN N. MIRAS, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

INDEX NO.: 608181/2022

---

MICHAEL FIORE,

                                                Plaintiff,

-against-

BEST BUY CO., INC., and
BEST BUY STORES, L.P.,

                                                Defendants.

---

## SUMMONS and VERIFIED COMPLAINT

---

**THE BONGIORNO LAW FIRM, PLLC**
*Attorneys for Plaintiff*
MICHAEL FIORE
1415 Kellum Place, Suite 205
Garden City, New York 11530
(516) 741-4170

---

ATTORNEY CERTIFICATION: Pursuant to NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies, to the best of his knowledge after reasonable inquiry, that the contentions contained in the annexed documents are not frivolous.

Dated: Garden City, New York
        April 27, 2022

By: _____
JOHN N. MIRAS, ESQ.

---

PLEASE TAKE NOTICE
____ NOTICE OF ENTRY that the within is a true copy of a _____ entered in the office of the clerk of the within named Court on
____ NOTICE OF SETTLEMENT that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, on

**THE BONGIORNO LAW FIRM, PLLC**
*Attorneys for Plaintiff*